ATKINSON ET AL., APPELLANTS, *v*. CITY OF GREAT
FALLS ET AL., RESPONDENTS.

[Submitted June 25, 1895. Decided July 8, 1895.]

MUNICIPAL INDEBTEDNESS—*Constitutional limit—Evidence of liability—Injunction.*—
In the case at bar, the plaintiffs sought to restrain a city from carrying out a contract
for the paving of a street on the ground that it would create such an increased in-
debtedness of the city as is prohibited by section 6, Article XIII, of the state consti-
tution. The defendants in their answer alleged that the cost of paving under the
contract was payable out of a specific fund assessed against the land abutting on the
street to be paved and did not constitute an indebtedness or liability of the city. *Held*,
that it was incumbent upon the defendants to show that proper steps had been taken
to assess the abutting property with the cost of the improvement, and that the con-
tractor had expressly agreed to accept the fund thus raised by such special assess-
ment and expressly waived all right to hold the city in any way liable under the con-
tract in question.

*Appeal from Eighth Judicial District, Cascade County.*

INJUNCTION to restrain the carrying out of a street paving
contract. Defendants' motion for a nonsuit was sustained by
BENTON, J. Reversed.

*Ransom Cooper*, for Appellant.

*Largent & Huntoon* and *Samuel Stephenson*, for Respond-
ents.

PEMBERTON, C. J.—This is an action for an injunction to
restrain the defendants, the city of Great Falls and Henry
Vogel, from carrying out a contract entered into between them
for the paving of a street in said city. The contract price for
the paving is $43,000. The main ground upon which the in-
junction is sought is that the carrying out of this contract will
increase the indebtedness of the city beyond the constitutional
limitation of 3 per centum of the taxable property in said city
as shown by the last assessment thereof. (Section 6, art.
XIII, of the Constitution.) The complaint alleges that the
contract sought to be enjoined is in violation of said section,
and is therefore void. The answer denies the facts stated in

the complaint, and alleges that the cost of paving said street
in accordance with the resolutions of the city council of said
city and the terms of the contract entered into between said
city and Vogel is assessed to the abutting owners on said street,
except the sum of $12,000, being the cost of paving the inter-
sections and crossings of the street to be paved, and that the
warrants to be drawn by said city in payment of such paving
are to be drawn on a "special fund," assessed against the
property abutting on the street to be paved, except for the sum
of $12,000 for paving the intersections and crossing of said
street, which sum is to be paid out of the general fund of the
city.    The answer denies that the city, by incurring this in-
debtedness, will exceed the constitutional limitation of indebt-
edness as alleged in the complaint.    At the conclusion of the
testimony on the part of the plaintiffs the court sustained a mo-
tion by the defendants for a nonsuit, on the ground that there
was no evidence to support the allegations of the complaint,
and entered judgment dismissing plaintiffs' complaint, and for
costs. ' From this judgment the plaintiffs appeal.

The evidence of the city clerk is substantially to the effect
that at the time the contract in question was entered into the
city was indebted in the sum of $236,256.35; that the city had
in cash in all its funds $35,676.25; that $20,859.92 were
locked up in the suspended and insolvent Merchants' National
Bank, and not available, except a 10 per cent. dividend on said
sum, which had been paid; that there was due the city at the
date of the contract the sum of $15,640.73 from property
benefited by special improvements; that on August 20, 1894,
the city council awarded the contract in question to defendant
Vogel.    The county clerk and recorder of the county testified
that the county board of equalization completed its work of
equalizing the assessment roll of the county for the year 1894
on the 19th day of August of that year; that on the 22d day
of August thereafter the board was in receipt of a letter from
the state board of equalization, directing that the assessment of
certain personal property should be raised 10 per cent. by the
county board.    But when the county board made such raise or

increase in the assessment of this personal property does not appear. It is agreed that the assessment of taxable property for state and county taxes within the city of Great Falls for the year 1893 was $7,500,000, and for the year 1894, $6,000,000.

It is contended that the evidence of the city clerk should not have been admitted, because it was not the best evidence of the matters in relation to which he testified, in that he did not introduce the books of the city, showing the city's indebtedness. It is true that in his testimony he gave estimates, and assumed to approximate the indebtedness of the city in some instances. But he testified from memoranda, evidently prepared by himself from the books kept by him as clerk of the city. Nor does it appear that the production of the books was demanded, or that any specific objection was made to his testifying from memoranda made by him therefrom. While this evidence is not as clear and exact as it should have been, especially in a case involving such grave questions of law and fact, and while we cannot but condemn the looseness characterizing the introduction of the evidence, yet we think there was evidence substantially tending to prove the allegation of the complaint that the city, by entering into the contract in question, exceeded its constitutional limitation of indebtedness.

The defendants claim in their answer that the sums due the city from property benefited by special improvements are resources of the city, and in no manner constitute an indebtedness or liability of the city. They claim that $31,000 of the contract price of the paving of the street in question will not become an indebtedness of the city, as the same is to be paid out of a special fund assessed upon the property abutting upon the street to be paved. We think there was such a showing made by the evidence as to the amount of the city's indebtedness as to require the defendants to prove these allegations by showing that the warrants or other obligations drawn and to be drawn by the city on these special funds are so specific and unequivocal in their terms as to fix the liability for the payment thereof on such special funds, and leave no question that

the city is in no way liable therefor.   This can only be properly done by putting these warrants or other obligations in evidence, so that the court may determine, from an inspection thereof, whether the special funds are solely liable for the payment thereof, or whether or not they constitute an indebtedness of the city.  A determination of this question is necessary in ascertaining whether the city has exceeded the indebtedness it may incur under the constitution.

It would seem that, if the city has taken the proper steps under the law to assess the property abutting on the street intended to be paved, under the contract in question, with the cost of the improvement, and if, in entering into the contract, it has expressly and clearly excepted and protected itself from any liability thereunder for such cost, and the liability created by such contract is confined and restricted to the special fund created by the special assessment upon the property abutting on the street to be paved, and the contractor has expressly agreed to accept the fund raised by said special assessment, and has expressly waived all right to hold the city in any wise responsible or liable for the cost of the paving of said street, then such contract would not create such an indebtedness of the city as is prohibited by section 6, art. XIII, of the constitution of the state.   (*United States* v. *Ft. Scott*, 99 U. S. 152; *Fowler* v. *City of Superior* (Wis.), 54 N. W 800; *Baker* v. *City of Seattle*, 2 Wash. 576, 27 Pac. 462; Dill. Mun. Corp. (4th Ed. ) § 135.)

It is possible that, after a very full examination of the authorities bearing upon the question involved in this suit, a determination could be reached upon the record before us, but, as the briefs and arguments of counsel are almost wholly directed towards the single issue of what was the indebtedness of the city at the date of the contract in question, and as it is important that a decision on the motion for nonsuit be made without delay, we prefer to reserve any decision on legal questions until the facts are more clearly before us, and until argument may be had on such other points as are probably involved when the facts are finally determined.

The judgment is reversed, and the cause remanded for new trial, and the district court is advised to issue a restraining order until the cause is finally determined.

*Reversed.*

DE WITT and HUNT, JJ., concur.